RECEIVED
2005 NOV 17 A 9:38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

GREGORY SOWELLS
    Petitioner

1:05cv1111-H

vs

Case No. 90-177-S

UNITED STATES OF AMERICA
    Respondent

**MEMORANDUM OF LAW
AND BRIEF IN SUPPORT OF THE INSTANT MOTION TO VACATE
SET ASIDE, REVERSE AND/OR CORRECT AN ILLEGAL
SENTENCE BY THE PETITIONER IN FEDERAL CUSTODY
PURSUANT TO TITILE 28 USC §2255¶6(3)**

The Memorandum and brief, in support of the instant motion to vacat, set aside and/or correct sentence under title 28 USC §2255¶6(3), is here submitted by Petitioner through pro-se in the above-numbered and captioned criminal case and reflects his desire to correct his current sentence based on the recent decision United States v Booker, 125 S.Ct(2005). Petitioner states the following in support:

    In US v. Booker, 125 S.Ct 738(2005) the Supreme Court applied the rationale of Blakely to the Federal Sentencing Guidelines and held that the mandatory guidelines scheme that provide for sentence enhancements based on facts found by the court by a preponderance of evidence violated the Sixth Amendment. BOOKER, 125 S.Ct. at 746-48, 755-56(Stevens, J., opinion of the court). The court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id at 756-57 (Breyer.J, opinion of the court).

    Subsequently, in US v Hughes, 401 F.3d 540, 546(4th Cir.2005) this court held that a sentence that was imposed under the pre-BOOKER mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury(or, in a guilty verdict, not admitted to by the defendant), constitutes plain error that affects the

defendant's substantial rights and warrant reversal under BOOKER when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes,401 F.3d at 546-56. The court directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors udner the guidelines and 18 U.S.C.A. §3553(a) and impose a sentence.If the district court imposes a sentence outside the guideline range, the court should in fact state its reasons for doing so. Id at 546.

Because Petitioner did not object to the sentencing range of 324 to 405 mos. of imprisonment determined by the district court,the district court's guidelines calculation for plain error. United States v. Olano,507 U.S. 725,732(1993);Hughes 401 F.3d at 547. Under the plain error standard, Petitioner must show:(1) there was error;(2) the error was plain; and (3) the error affected his substantial rights. Olano,507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, intergrity or public reputation of judicial proceedings."Id at 736.

Petitioner's base offense level may have been properly determined and supported by the drug quantity alleged in the indictment. However, Petitioner also received a three-level enhancement of his offense level for Managerial Role pursuant to USSG §3B1.1(b). The imposition of this enhancement was error under the Sixth Amendment as applied in Booker,because the facts supporting this enahcemetn wwere not alleged in the indictmetn or admitted by Petitioner and because absent this enhancement, Petitioner's guidelines range would have been 235 to 293 mos., below the range in which Petitioner was sentenced.

Therefore, in light of Booker Petitioner believes the government has failed to meet the burden of proof, the district court erred by imposing the managerial enhancement to Petitioner under USSG 3B1.1(b).

## CONCLCUSION

Here, we are not faced with disputed facts. Reasons being, Petitioner argument is crystal clear, thus the court must now determine only the legal question of when will Petitioner be resentenced without the misapplication of USSG §3B1.1(b). Petitioner earnestly feels relief would be granted in his behalf along with any other relief this court deems necessary.

Dated: 11-13-05

Respectfully submitted

Gregory Sowell # 08240-002
Federal Correctional Inst.
Post Office Box 699
Estill, SC 29918-0699

## CERTIFICATE OF SERVICE

I HEERBY CERTIFY THAT ON THIS DAY OF 13th NOV. 2005 THE FOREGOING WAS MAILED TO THE CLERK OF COURT OFFICE AND I HEREBY CERTIFY THAT THE DOCUMENT WAS MAILED TO THE FOLLWING POSTAGE PRE-PAID LISTED BELOW:

    CLERK OF COURT OFFICE
    FOR THE MIDDLE DISTRICT OF ALABAMA
    ONE CHURCH STREET
    MONTGOMERY, ALABAMA 36104

Dated: 11-13-05

Respectfully submitted

Gregory Sowell # 08240-002
Federal Correctional Inst.
P.O. Box 699
Estill, SC 29918-0699