# United States District Court

__MIDDLE__ District of __ALABAMA__

Certified as a true copy on
This Date: _____
By _____
( ) Clerk
( ) Deputy

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| GREGORY SOWELL a/k/a Greg Sowell | Case Number: 90-177-S |
| (Name of Defendant) | Hon. Douglas C. Freeman |

FILED
MAR 20 1991
THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

Defendant's Attorney: _____

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1, 3 and 4 on November 1, 1990__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute and distribution of cocaine base, a Schedule II controlled substance. | 6-20-90 | 1 |
| 21 USC 841(a)(1) | Distribution of a Schedule II controlled substance - cocaine base. | 6-20-90 | 3 & 4 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __150.00__, for count(s) __1, 3 & 4__, which shall be due ☒ immediately ☐ as follows: through the office of the U.S. District Court Clerk.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __11-3-52__

Defendant's Mailing Address:

104 North Clay Street
New Brockton, AL  36351

Defendant's Residence Address:

104 North Clay Street
New Brockton, AL  36351

March 20, 1991
Date of Imposition of Sentence

_Truman Hobbs_
Signature of Judicial Officer

TRUMAN HOBBS, Senior U.S. District Judge
Name & Title of Judicial Officer

March 20, 1991

EOD __3-21-91__

☆ U.S. GPO:1990-722-448/10286

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: GREGORY SOWELL | Judgment—Page 2 of 4 |
| Case Number: 90-177-S | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ~~TWENTY-SEVEN (27) YEARS. This term consists of terms of 27 years on Count~~ 1 and 20 years on Counts 3 and 4 to be served concurrently. Defendant is to stand committed for service of this sentence this date.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States marshal.
☒ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

☆ U.S.GPO:1990-722-448/10286

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

FIVE (5) YEARS on each Count; all such terms to run concurrently. _____.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

[X] The defendant is to participate in a substance abuse treatment program as directed by his probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:    GREGORY SOWELL
Case Number:    90-177-S

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): The Court found that the amount of crack cocaine in this case was between 1.5 KG and 5 KG, and carries a base offense level of 38.

**Guideline Range Determined by the Court:**

Total Offense Level: __41__

Criminal History Category: __I__

Imprisonment Range: __324__ to __405__ months

Supervised Release Range: ____ to ____ years    Ct. 1 - at least 5 years.
Ct. 3 & 4 - at least 3 years.

Fine Range: $ __25,000__ to $ __4,000,000__

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

☒ Full restitution is not ordered for the following reason(s): restitution does not apply in Title 21 cases.

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): The Court finds that a sentence at the lower end of the guideline range is appropriate due to the defendant's lack of significant prior record and the Court feels that a sentence of 27 years is adequate punishment for the offense.

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

*U.S.GPO:1990-722-448/10286