IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>GREGORY SOWELL )  | CIVIL ACTION NO. 1:05cv1111-H<br>WO |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by federal inmate Gregory Sowell on November 13, 2005.[1] In his motion, Sowell challenges his 1991 sentence for conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base.

**I. DISCUSSION**

A review of this court's records establishes that Sowell has filed a previous 28 U.S.C. § 2255 motion challenging the sentence he attacks in his present motion. *See Apr. 24, 1996, Motion to Vacate Under 28 U.S.C. § 2255* (Doc. 120 in Case No. 1:90cr177 [1:96cv691]). The claims presented in the initial § 2255 motion were decided adversely to Sowell. *See Sep. 19, 1997, Recommendation of Magistrate of Judge* (Doc. 159 in Case No. 1:90cr177 [1:96cv691]), & *Oct. 16, 1997, Order of District Court Judge Adopting Recommendation of Magistrate Judge* (Doc. 161 in Case No. 1:90cr177 [1:96cv691]).

---

[1] Although Sowell's motion was stamped "received" in this court on November 17, 2005, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, November 13, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Sowell has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Sowell's present motion, and the motion is due to be summarily dismissed.

---

[2]The claims in the instant § 2255 motion are premised on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively on collateral review. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, in addition to the statutory bar on which this Recommendation is based, Sowell cannot prevail on the merits of his substantive claims.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Sowell on November 13, 2005, be denied and this case dismissed, as Sowell has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 12, 2005.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 29th day of November, 2005.

>  /s/ Delores R. Boyd
>  DELORES R. BOYD
>  UNITED STATES MAGISTRATE JUDGE