IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv1111-H |
| | ) | WO |
| GREGORY SOWELL | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 2255, petitioner, a federal inmate, filed this lawsuit seeking habeas relief. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that petitioner's § 2255 motion be denied and this case dismissed. Also before the court are petitioner's objections to the recommendation.

The magistrate judge found that petitioner's § 2255 motion constituted a successive motion, which was due to be denied because petitioner had not obtained an order from the Eleventh Circuit Court of Appeals authorizing him to file a successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). Although petitioner, in his objections, does not specifically cite *Castro v. United States*, 540 U.S. 375 (2003), he appears to argue that the requirements of that Supreme Court decision were not followed in his case and that, therefore, the instant § 2255 motion should not be treated as a successive motion. In *Castro*, the Supreme Court held that, when a district court treats as a request for collateral relief under § 2255 a motion that a pro se federal prisoner has labeled differently, "the district court must notify the pro

se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *See Castro*, 540 U.S. at 382-83. This holding, however, is not applicable in the instant case because petitioner's initial motion for relief under 28 U.S.C. § 2255, filed April 24, 1996, was labeled as such by petitioner and was treated accordingly by this court. Neither petitioner's initial § 2255 motion nor the instant § 2255 motion was recharacterized by this court; thus, the requirements of *Castro* are inapplicable under the circumstances of this case.

The court notes that petitioner's instant motion asserts claims for relief based on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), which was decided well after petitioner's conviction became final. The Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided. *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). Thus, in addition to the "successive motion" bar on which the magistrate judge's recommendation was based, petitioner cannot prevail on the merits of his substantive claims.

In light of the foregoing and upon independent and de novo review of the record, the court concludes that petitioner's objections should be overruled and the magistrate judge's

recommendation adopted.

An appropriate judgment will be entered.

DONE, this 17th day of January 2006.

/s/ Truman M. Hobbs
TRUMAN M. HOBBS
SENIOR UNITED STATES DISTRICT JUDGE